May it please the court, my name is Leo Teran, the appellant attorney. I believe our papers spelled out our arguments and I will submit on the papers. However, if my colleague has any response, I would like to just set aside five minutes, but I would submit on my papers, your honors. You looked at the video, did you? You seen it? Your honors, I did look at the video. It was not part of the judge's ruling, but I did look at the video. Yes, your honor. Is the video incorporated into the complaint? The video was not part of the complaint, your honor, because at the time we filed the complaint, we did not have possession of the video. At the time the motion for judgment on the plea was filed, your honors, the motion for judgment on the plea did not include the video. It was submitted by my colleague as part of the appellate brief, but was not part of the decision making made by the trial judge, your honor. Was it referenced in the complaint? No, at that point we were not aware of the existence of the video, your honor. We obtained the video during the course of discovery and we spelled out how we obtained it, but we wasn't aware of the video at the time the complaint was filed because we had no documentation from opposing counsel or from the government regarding the fact that it was video, not only the Sacramento video, but the L.A. video as well. Thank you, your honors. So, you know, there's really nothing for you to argue, is there? Huh? Your honor, if I may respond to Mr. Terrell's points briefly, just within the scope of his points. About the video? About the video, your honor, yes. Because it's limited, you know. He hasn't argued anything. And you might get yourself in trouble, too. You know, it's up to you. No, your honor, I just would like to clarify. May it please the court, Kristen Lee, assistant United States attorney on behalf of defendant appellee Ruth Quintus. I would like to clarify that the video was referenced in Plaintiff's second amended complaint. It was produced on October 4th, 2005. Show me where it was referenced. I'm sorry, in the supplemental excerpts of record on page 35. Well, tell me where it is in the complaint. Paragraph 25. Okay. Well, he didn't include the videotape. He makes an allegation that the acts occurred in front of travelers in the security line and were recorded on videotape. Did the district court rely in any way on the videotape in making its decision on the judgment on the pleadings? Your honor, it was not specifically mentioned in the district court's decision on the motion for the judgment on the pleadings, but it was submitted with Quintus's motion for judgment on the pleadings. No objection was made. Who submitted it? I personally submitted it. Quintus submitted it. So you submitted it in opposition, well, in support of your motion for judgment. Yes, pursuant to the incorporation by reference doctrine. Right, but that's what I'm getting at. I think, I don't see that the videotape, the depiction of the videotape was actually incorporated by reference in the complaint. And, your honor, this is similar to this court's ruling in Knievel v. ESPN. In that case, it was a motion to dismiss under 12b-6, similar to the 12c standards, and the plaintiff, Mr. Knievel, was alleging defamatory pictures on the ESPN website. They referenced the pictures on the website, and the court determined that it was important to look at the surrounding webpages in that case to see whether or not the picture was actually defamatory, because the claims within were. Well, there's no allegation that the videotape was defamatory or harmful or anything. There's no allegation about the contents of the videotape. No, your honor. Except for the fact that it was recorded on videotape, like I think all others. Correct, your honor. Other than the fact that the preceding four paragraphs describe the alleged wrongful conduct, and then in paragraph 25 it says these acts occurred in front of travelers and were recorded on videotape. My concern is that this is, you know, my concern is a procedural one. I mean, I have looked at the videotape, but my concern about it is that it's factual, and what we seem to be being asked to do is to look at the videotape and have that determine whether this claim should proceed on the pleadings, and it seems to me that that's more of a summary judgment type of issue. Well, let me be clear, your honor. We do not believe that the motion is solely reliant on the videotape. I believe that the Second Amendment complaint, on its face, the court made the ruling that it did not state a claim under the Fourth Amendment for the type of search that it alleges, notwithstanding the videotape. I think the videotape supports that. And I think that in looking at cases such as Scott v. Harris, although we have to take the pleadings as true, assume they are true, that does not hold true for conclusory statements or statements that are clearly contradicted by video evidence. However, like I said, I believe that even not considering the videotape, the court made the decision that plaintiff had failed to state a Fourth Amendment claim and could not overcome qualified immunity because there was no clearly established law on the issue. That was an alternative finding? The court didn't address the video whatsoever. No, no, the qualified immunity was in the alternative. Correct, your honor. That's also a summary judgment question. Normally. I apologize, your honor. I mean, typically we see that on summary judgment, the defendant moves for summary judgment based on qualified immunity. Well, I believe that the case law says that whether or not the law is clearly established so as to put a reasonable officer on notice is an issue of law. Okay, but we still need to know what the facts are to know whether the law is clearly established in this situation. Well, and the facts are assumed to be true based on the plaintiff's second amended complaint. For the purposes of a motion for judgment on the pleadings, you accept the allegations as true, eliminating the conclusory statements, and that is what we're left with. On that basis, the plaintiff had the opportunity to amend the complaint multiple times before we got to this stage, and discovery had been completed, and it was the motion hearing cutoff date was when this was heard. The case had been going on for two years, and none of these facts that the plaintiff is now raising for the first time on appeal in the opening brief had ever been incorporated or amended into any further pleadings. So the only way we look at the videotape is if it's incorporated by reference in the complaint? I don't think that's necessarily true, Your Honor. I think that the review is de novo. Well, is there another legal doctrine that allows us to look at the evidence that appears on the video at this stage of proceedings? At this stage of proceedings, on the record that's before the court in de novo, we believe that the court could convert the motion for judgment on the pleadings into a motion for summary judgment and therefore consider the extrinsic evidence in that regard. Did you ask it to do so? Yes, I did, Your Honor. And did the court do that? I'm sorry. I asked this court to do so. I don't think we can do so, but did you ask the district court to do so? The motion for judgment on the pleadings was pled in the alternative motion for summary judgment should the court deny the motion for judgment on the pleadings. The hearing on the matter was only solely concerning the motion for judgment on the pleadings, and the district court judge stated that should she deny the motion for judgment on the pleadings, she would set up a separate briefing schedule for the motion for summary judgment to allow the parties an opportunity to conduct necessary discovery necessary. If there are no further questions, Your Honors, thank you very much. Mr. Terrell. I have no further questions other than the fact that one comment my colleague made about our due diligence in discovery, but I submit on our papers. I have a question. Yes, Your Honor. Can I ask you a question? Yes, Your Honor. You want to pursue this case? Yes, Your Honor. My client, my job as an attorney, yes. Yes, I would like to pursue the case. All right. Yes, Your Honor. The second amended complaint in paragraph 25 apparently includes the language, and were recorded on videotape. Is there any dispute concerning the videotape that has been submitted to this court for consideration that it is the videotape that's referenced in paragraph 25? Well, when I made the reference to the paragraph, I didn't have the tape. I just described that when I said that the events were recorded on videotape, I'm speaking in the generic sense that the matter was recorded. I cannot stay here as an attorney, Your Honor, and say that what I was speaking about was what the defendants submitted to the court. I have no knowledge of that, if that makes sense, Your Honor. So you submitted that information without having possession of the tape? The submission of the – my reference of the matter was recorded. I was not relying on the tape, and I don't know if I had the tape at that present point, Your Honor, as far as the representation. We knew it was recorded. That's why we asked for it through discovery. But my statement in my complaint was not a reliance on my personal knowledge of the actual tape. But you apparently state in paragraph 25 that the content of the factual allegations in the Second Amendment complaint that are stated were recorded on videotape. Yes, Your Honor. We knew there was a videotape. And so you're indicating that this court should disregard the videotape? My answer is yes, because it was not part of the judge's decision at the trial level, Your Honor. And moving to the motion for judgment of the pleading, the trial judge did not consider review of the videotape as far as the basis for the motion for judgment of the pleadings, Your Honor. Why wouldn't the videotape be considered by this court under the incorporation by reference doctrine, since it appears to be considered by the plaintiff under the ‑‑ I don't know about under that doctrine, but the plaintiff is stating that the factual allegations in the complaint are recorded on videotape. Your Honor, the argument I'm making is that the assumption is that what I was referencing, the videotape, is the same videotape that was submitted by the defendant. I don't know if we had all the videotapes. I know a videotape was submitted. I know I did receive a copy of it. It was not the tape. I did not rely on the tape in making that allocation. Do you know if you received the entire tape? No, I don't. As they occurred? I apologize, Your Honor. Yeah. I mean, did you ‑‑ I don't know what we reviewed. I saw the tape, but I don't know, is this the portion of the search? Is there more? Is there less? I have no clue. I have no knowledge of that answer, Your Honor. No clue of what? Of the full extent of the videotape, Your Honor. I cannot speak to that because I did not have personal knowledge in creating the tape. I know I received a tape from the defense, but I have no personal knowledge to the authenticity of the tape, the full extent of the tape, the completeness of the tape. I have no personal knowledge of that, Your Honor. Why shouldn't the court assume that plaintiff knew what she stated in the Second Amendment complaint when she says that it was recorded on videotape? I think that's a statement that we can assume that it was recorded. I'm not disputing that argument. That's the allegation that we're making in the complaint, Your Honor. I think the court could take that as a true statement. And if the court takes that as a true statement, why shouldn't the court assume the truth of what is set forth in the videotape that has been submitted? Respectfully, Your Honor, the assumption is that the videotape is the true, correct copy of the events that occurred. I can't sit here and testify to the full extent, the personal knowledge, the completeness of that tape, Your Honor. And again, I'm not in a position to do so, Your Honor. I don't think the district court, in considering its motion, granting the motion for judgment of the plaintiff, ever even contemplated the question you're raising. But I can't because I'm not, wasn't a custodian of the record or had personal knowledge of it, Your Honor. Why would you refer to, in the second amended complaint, to the tape? Because... You're supposed to have a short and plain statement of the claim for relief. And what does that add that the facts are recorded? Nothing. I mean, a short, plain statement of the case is required in the federal rules, unlike the state. To answer your question directly, it doesn't add anything to the allegations that my client felt that she was unrighteously searched. It adds nothing. So what is the point of referring to that? Adding that statement had no harm, in my opinion, or plus or minus. It doesn't give any additional weight to the merits of the claim based on the allegations of the complaint. It's not necessary. But there's no harm or foul, if I can use a basketball analogy. But you think it is appropriate, then, for the court to consider the factual content of the videotape when deciding how to rule in this matter? This court, no, I do not. Why not? Because, again, Your Honor, the reliability of that tape as to the completeness, how it's been, whether or not it's the full extent of the events that occurred, has never been established, Your Honor. Well, in other words, it hasn't been authenticated or a foundation laid for it or any of the other things that have to be done when you're introducing a piece of evidence. Right, it's just a piece of evidence that they asked this court to look at without any of the foundational requirements, Your Honor. Any other further questions? I thank you for your time. Thank you very much. Thank you. All right, thank you. Matter is submitted.
judges: Burrell, Pregerson, Wardlaw